[Cite as *Yellowbook, Inc. v. L. Patrick Mulligan & Assocs.*, 2014-Ohio-4698.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY   COUNTY**

| | | |
|---|---|---|
| YELLOWBOOK, INC., fka | : | |
| YELLOWBOOK SALES & | : | |
| DISTRIBUTION CO., INC. | : | Appellate Case No. 26090 |
| | : | |
| Plaintiff-Appellee | : | Trial Court Case No. 12-CV-6968 |
| | : | |
| v. | : | (Civil Appeal from |
| | : |  Common Pleas Court) |
| L. PATRICK MULLIGAN & | : | |
| ASSOCIATES, | : | |
| L.P.A. CO., et al. | : | |
| | : | |
| Defendants-Appellants | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 24th day of October, 2014.

. . . . . . . . . .

JAMES G. KOZELIK, Atty. Reg. #0073615, Weltman, Weinberg & Reis, Co. LPA, 175 South 3rd Street, Suite 900, Columbus, Ohio 43215
        Attorney for Plaintiff-Appellee, Yellowbook, Inc.

JOHN PAUL RIESER, Atty. Reg. #0017850, Rieser & Marx LLC, 7925 Graceland Street, Dayton, Ohio 45459-3834
        Attorney for Defendants-Appellants, L. Patrick Mulligan & Associates, et al.

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendants-appellants, L. Patrick Mulligan & Associates, L.P.A., Co. and   L.

Patrick Mulligan appeal from an order requiring them to pay to plaintiff-appellee Yellowbook,

Inc., the sum of $1,330.00 as sanctions for failure to provide discovery, in accordance with Civ.R. 37. They contend that the award of sanctions was unjust, rendering the trial court's order an abuse of discretion.

{¶ 2} We conclude that the trial court did not abuse its discretion, and properly applied the sanctions required by Civ.R. 37(D) for the defendants' failure to timely provide discovery.

{¶ 3} Accordingly, the trial court's order is Affirmed.

## I. The Course of the Proceedings

{¶ 4} In September, 2012, Yellowbook commenced an action against L. Patrick Mulligan, individually, and L. Patrick Mulligan & Associates, L.P.A. Co., the corporate entity, to collect the sum of $45,988.80 allegedly owed for advertising services. Mulligan and Mulligan LPA filed an answer and counterclaim with five separate claims for relief. More than two years of contested litigation proceedings followed, including numerous discovery requests, motions, hearings and rulings. Pertinent to this appeal, it is undisputed that Yellowbook served both defendants with several discovery requests on March 7, 2013. After Yellowbook filed its first Motion to Compel, Mulligan LPA, responded to the discovery requests. However, Mulligan did not respond to the Interrogatories and Request for Production of Documents directed to him personally until after Yellowbook filed a second motion to compel discovery. The trial court granted Yellowbook's motion to compel, which included an order granting Yellowbook's request for attorney fees. After Yellowbook submitted an affidavit setting forth a description of the time expended and the hourly rate charged by Yellowbook's counsel for the legal services rendered in connection with the discovery dispute, the trial court ordered the defendants to pay the sum of

$1,330.00 to Yellowbook, as a sanction under Civ. R. 37(D).

## II. The Trial Court Did Not Abuse its Discretion by Ordering

## Defendants to Pay Attorney Fees as a Sanction for Their

## Failure to Comply with Discovery Pursuant to Civ. R. 37 (D).

{¶ 5} The sole assignment of error raised by Mulligan and Mulligan LPA, states as follows:

THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING APPELLEE'S RENEWED MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS.

{¶ 6} Mulligan and Mulligan LPA rely on the language of Civ. R. 37(D) that specifically permits the court to deny a request for attorney fees, as a discovery sanction, if the award of expenses is "unjust". Civ. R. 37(D) states, in pertinent part:

If a party or an officer, director, or a managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails *** (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to

act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

{¶ 7} Our review of a trial court's order granting sanctions for failing to comply with the discovery rules is based on an abuse-of-discretion standard. *Nakoff v. Grandview General Hospital*, 75 Ohio St. 3d 254, 662 N.E. 2d 1 (1996), syllabus. A trial court has broad discretion to fashion an appropriate sanction for a party's failure to comply with the discovery rules. *Id.* Unless the trial court's decision is arbitrary, unreasonable or unconscionable the court has not abused its discretion. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 8} Civ. R. 37 specifies a wide range of sanction options, including the recovery of attorney fees expended to obtain the order to compel, an order prohibiting the noncomplying party from using the unproduced evidence at trial, or the court may grant judgment against the party who fails to comply with discovery. We have previously held that Civ. R. 37(D) mandates the award of attorney fees "absent an express finding that the failure to comply was substantially justified or that other circumstances would make an award unjust." *Soloman v. Excel Marketing, Inc.*, 114 Ohio App.3d 20, 28, 682 N.E.2d 724 (2d. Dist.1996). When noncompliance with the discovery rules is established, a court abuses its discretion when it fails to award attorney fees and fails to identify why the failure to comply was justified or why the award of fees would be unjust. *Mays v. Dunaway,* 2d Dist. Montgomery No. 19922, 2003-Ohio-6900.

{¶ 9}    In the present case, Mulligan and Mulligan LPA do not dispute the trial court's finding that at the time the motion to compel was granted on November 15, 2013, Mulligan had not yet provided answers to the Interrogatories and Request for Production of Documents submitted to him on March 7, 2013 by Yellowbook. Mulligan suggests that it is "unjust" to grant sanctions when the corporate defendant, Mulligan LPA, did comply with the discovery request directed to both Defendants, notwithstanding the fact that the responses of Mulligan LPA were forwarded to Yellowbook on June 28, 2013, nearly four months after they were originally propounded.   Mulligan admits that although there were differences in the discovery requests made to the individual defendant and the corporate defendant, Mulligan's failure to respond to the discovery request directed to the individual was "an oversight on the part of Defendant." Dkt. 42, p.2.  The trial court considered this excuse, reviewed all the facts and circumstances, and came to the conclusion that "both Mulligan, a licensed attorney, and his counsel, should have known that each defendant received discovery requests."  Dkt. 43, p.4.  The trial court properly concluded that the failure of Mulligan to answer the discovery submitted to him as an individual was not substantially justified.

{¶ 10} We also conclude that a sanction of $1,330.00 was not unjust. The trial court must determine, as a factual finding, an amount that will reasonably compensate the moving party for its reasonable expenses in pursuing a justifiable order of sanctions.  *Bellamy v. Montgomery,* 188 Ohio App.3d 76, 2010-Ohio-2724, 934 N.E.2d. 403 (10th Dist). The trial court relied on the affidavit of Yellowbook's counsel to substantiate the costs it incurred to obtain Mulligan's compliance with the discovery rules. No evidence was submitted to rebut the reasonableness of the hourly rate or time expended by Yellowbook's counsel. The purpose of mandating an award

of attorney fees as sanctions for discovery abuse is to compensate the moving party for the cost it unnecessarily incurred to force the opposing party to comply with the discovery rules. When a party's failure to comply with a discovery request is unjustified, it would be unfair to expect the party who follows the rules to expend resources caused by the opposing party's noncompliance. The trial court properly awarded only the amount that was reasonably necessary to reimburse Yellowbook for its actual expenses in obtaining an order to compel discovery. The sole assignment of error is overruled.

### III. Conclusion

{¶ 11} The sole assignment of error having been overruled, the order of the trial court from which this appeal is taken is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

James G. Kozelek
John Paul Rieser
Hon. Charles S. Wittenberg
(sitting by assignment for Judge Frances E. McGee)